[No. 25233. Department One. November 23, 1934.]

W. C. JACOBS et al., *Respondents*, v. LAURA LAWSON, *Defendant*, GEORGE HOOPS, *Appellant*.[1]

*Clarence R. Anderson*, for appellant.

*Davis, Groff & Moran*, for respondents.

TOLMAN, J.—Respondents, having recovered a judgment against the defendant Laura Lawson, caused execution to issue, which was by the sheriff returned wholly unsatisfied. Thereafter, this supplemental proceeding was instituted, and the appellant George Hoops was brought in as a party defendant.

A trial was had to the court, resulting in exhaustive findings of fact upon which was based a judgment decreeing that certain transfers and conveyances made by the defendant Laura Lawson to the appellant Hoops were fraudulent and void; each thereof was set aside, and an alias execution was directed to be issued commanding the sheriff to seize and levy upon all of the property involved to satisfy respondents' judgment, together with the costs and the increased costs of the supplemental proceedings and of the judicial sale. The defendant George Hoops alone appeals from the judgment.

Appellant vigorously assails the facts as found by the trial court, and contends that a state of facts should have been found which would support the application of the resulting trust doctrine.

Because we find nothing but questions of fact before us, we have given careful attention to the findings made by the trial court, and to the evidence upon which those findings are based. The testimony takes a wide range, covering the activities of, and the personal and business relations between, Miss Lawson and Mr. Hoops from about the year 1904. It is manifestly impossible to set out the material facts in detail, or to discuss intelligently the many things which appear in the evidence tending to impeach the appellant's theory that his money bought all of the property, and though deeds were always taken in the name of Miss Lawson, yet, under the resulting trust theory, the equitable title was always in him.

We are abundantly convinced that the evidence supports the findings in every detail, that correct conclusions were drawn therefrom, and that the judgment is right.

Affirmed.

BEALS, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.

[1] Reported in 37 P. (2d) 1115.